## Murphy v. Lackawanna County

E. V. McLaughlin, for plaintiff.

John W. Murphy, assistant district attorney, for defendant.

HOBAN, J., July 1, 1938.—This is a case stated in the nature of an action in assumpsit for statutory fees alleged to be due plaintiff as constable of the 17th Ward of the City of Scranton, for services at the primary election held September 14, 1937, the general election held November 2, 1937, and the primary election held May 17, 1938.

Plaintiff was elected to the office of constable of the 17th Ward of the City of Scranton on November 5, 1935, and entered upon his duties for a term of four years beginning January 1, 1936. The Pennsylvania Election Code of June 3, 1937, P. L. 1333, sec. 1207, provides that the "constable of each . . . ward . . . shall be present at the polling place in each election district . . . at each primary and election during the continuance thereof, and while the votes are being counted, for the purpose of preserving the peace, and *shall serve at all elections without compensation*". (Italics supplied.) Other provisions of the code repealed the prior acts in effect, particularly the Act of July 2, 1839, P. L. 519, directing the attendance of

constables at the polls, and the Act of July 20, 1917, P. L. 1158, "in so far as it relates to fees to be charged and received by constables for attending elections". The Act of 1917, supra, provided that constables or their deputies in attendance upon elections should receive $5 per day for such service.

The purpose of this lawsuit is to determine whether or not plaintiff, who was elected and assumed his office prior to the passage of the Pennsylvania Election Code, supra, is entitled to fees for his services at primaries and general or municipal elections, or whether he is obliged to serve, as the Election Code requires, without compensation or run the risk of the heavy penalties for failure to serve as provided by the code.

The matter has been considered in other judicial districts in the following cases: Noel v. Adams County, 30 D. & C. 444, opinion by Sheely, P. J.; Strunk v. Hershey et al., 30 D. & C. 396, opinion by Smith, P. J.; Kauffman v. Union County, 31 D. & C. 212, opinion by Lesher, P. J. These cases uniformly hold that constables are public officers within the meaning of the Constitution, consequently fall within the provisions of section 13, art. III, of the Constitution of Pennsylvania, providing that the salary or emoluments of public officers shall neither be increased nor diminished after their election or appointment; that the effect of section 1207 of the Pennsylvania Election Code is to decrease the emoluments of office as to constables who were elected and assumed office prior to the passage thereof, and as to such officers section 1207 of the Pennsylvania Election Code is unconstitutional.

The Adams County and Union County cases both held that the constables who had assumed office prior to the passage of the Election Code were entitled to pay for serving at both primary and other elections held after the code became effective.

In the Clearfield County case, however, President Judge Smith took the view as to primary elections that since the Uniform Primaries Act of July 12, 1913, P. L.

719, did not require the attendance of constables at primaries, there was no legal duty imposed upon constables to attend primaries, but that their attendance at such primaries prior to passage of the Election Code was purely voluntary and they were not entitled to compensation therefor. Consequently, the effect of the Election Code is to impose upon constables elected prior thereto "an onerous duty not previously existing, subject to heavy penalties for nonperformance without provision for compensation". Judge Smith concluded that section 1207 of the Pennsylvania Election Code was not only unconstitutional as it affected the rights of such constables to receive compensation for attendance at elections, but likewise was ineffective to compel the attendance of such constables at primaries. Since the Clearfield County case involved payment only for a primary election, it was held that attendance by constables at primary elections after the enactment of the code was purely voluntary, and therefore for such service a constable was not entitled to compensation.

We quote from the opinion of Judge Smith in Strunk v. Hershey et al., supra (p. 399):

"Upon the authority of Commonwealth v. Kromer, supra, it would appear that the code is unconstitutional as to constables in office at the time of its enactment, not only in providing for no compensation, but in the imposition of the duty also. In that case an act of assembly imposed a new duty, namely that of visiting and making returns of violations of the law in licensed places. An indictment was found against the constable for failing to attend to such duties. The court sustained a demurrer to the indictment."

While the opinion of Judge Smith is interesting and logical, if we agree with the premise on which it must be based, to wit, that the legislature cannot impose additional duties on public officers without providing for additional compensation therefor, we cannot agree that his major premise is correct. Changing times and necessity

of government necessarily result in changes of responsibilities for the administration of the law by public officers. It is conceded in the Clearfield opinion, as well as stated in the others, that "primaries" are now "elections" within the meaning of the code. The code provides duties for various public officers in connection with the conduct of both primaries and elections, which duties were not imposed on the same officers prior to the passage of the code. It cannot be said that officers elected before the passage of the code are free to accept or reject the mandate of the legislature as to assuming new functions. Other illustrations might be given of such situations, for instance, the County Institution District Law of June 24, 1937, P. L. 2017, compels county commissioners in various counties to assume functions hitherto foreign to their office as directors of the institution district in the administration of relief for certain classes of recipients and in the operation of various types of institutions. If we were to hold that county commissioners elected prior to 1937 in such counties were free to reject these responsibilities, a breakdown in the administration of public business would occur.

In the Union County case, the court concluded that a constable is entitled to pay for services at both the primary and the general election, although it does not appear that the point presented in the Clearfield County case was considered. While the opinion in the Adams County case does not specifically indicate the "election" for which claim was made, the case was for a declaratory judgment and was decided prior to the municipal election of 1937, so that the claim for compensation must have been made for services at the September primary in that year, which was the first to be held after the passage of the Election Code.

We agree with the conclusions reached by the courts in the Adams County and Union County cases, and we accordingly decide that section 1207 of the Pennsylvania Election Code of 1937 violates section 13 of article III of

the Constitution of Pennsylvania insofar as an attempt to change the emoluments of the office of such constables during their terms of office is concerned. Therefore, plaintiff in this case is entitled to be paid at the rate of $5 per day for services rendered at election districts within his ward, at both primary and general or municipal elections, during his present term of office.

Now, July 1, 1938, judgment is entered for plaintiff and against defendant for the sum of $15, costs to follow the judgment.